Dated 2026-06-30 11.04.51

# IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

SNEAD FAMILY 2010, LLC,

        Plaintiff,

v.

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,

        Defendant

Case No.:
Judge:

**FILED**
DISTRICT COURT
OKLAHOMA COUNTY, OKLAHOMA
May 20, 2026 10:51 PM
RICK WARREN, COURT CLERK
Case Number CJ-2026-4207

ATTORNEY LIEN CLAIMED
JURY TRIAL DEMANDED

## PETITION

COMES NOW, the Plaintiff, Snead Family 2010, LLC, (hereinafter "Plaintiff") and files this Petition against Defendant, American National Property and Casualty Company (hereinafter, "Defendant") and, in support thereof, alleges and states as follows:

### JURISDICTION AND VENUE

1. Pursuant to 12 O.S. § 2004(F), this Court has subject matter jurisdiction over the claims asserted herein.

2. Plaintiff is a domestic limited liability company in good standing with the principal place of business in Tulsa County, and in the state of Oklahoma.

3. Defendant is a foreign for-profit insurance company engaging in the business of insurance that was not incorporated in Oklahoma and does not have its principal place of business in Oklahoma.

4. Pursuant to 36 O.S. § 621, the Oklahoma Insurance Commissioner had been appointed as Defendant's agent for the purpose of service of legal papers.

5. The Oklahoma Insurance Commissioner is physically located at, and has the mailing address of, 400 NE 50th Street, Oklahoma City, Oklahoma County 73105.

1


EXHIBIT
2
tabbies

Dated 2026-06-30 11.04.52

6. Plaintiffs' cause of action arose in Tulsa County, Oklahoma, but venue is appropriate in Oklahoma County pursuant to 12 O.S. § 137.

7. The jurisdiction of this matter is proper in that the subject matter and the amount in controversy are within the jurisdictional requirements of this Court.

### FACTUAL ALLEGATIONS

8. Plaintiff and Defendants are parties to a "Farm Family" insurance policy identified by Defendant as Policy No. 3501G2773 (the "Contract"), insuring Plaintiff's property located at or around 18450 E 111th Street, 11603 S. Lynn Lane Rd., 11605 S. Lynn Lane Rd., together with associated pool houses, sheds, outbuildings and/or other structures located at our around the above-referenced addresses (collectively referred to herein as the "Property," regardless of any errors or omissions in the descriptions of the same).

9. The Contract was drafted by Defendant alone, and the Plaintiff, who had no negotiation power with respect to the terms of the Contract, merely signed the same, paid its substantial annual premiums, and trusted that if and when damage occurred to Plaintiff's Property, Defendant would honor the Contract and pay under the same.

10. Defendant received consideration from Plaintiff in the form of Plaintiff's payment of significant premiums to Defendant.

11. The Contract insured the Property against direct physical loss to the same, including, but not limited to, loss caused by wind and hail.

12. On May 21, 2024, during the time the Contract was in effect, a hail-producing storm event resulted in direct physical loss to Plaintiff's Property including, but not limited to, damage to the roofs, vents, valleys, flashings and gutters of each of the structures situated on Plaintiff's Property.

2

Dated 2026-06-30 11.04.53

13. Plaintiff, upon discovery of the loss sustained by its Property, reported that loss to Defendant.

14. Defendant assigned Plaintiffs' report Claim No. 35-G-4XR265 (the "Claim").

15. Defendant assigned May 21, 2024, as the date of loss for the Claim.

16. During Defendant's investigation of the Claim, Defendant's adjuster failed to conduct a reasonable investigation of the damage to Plaintiff's Property by disregarding the pertinent evidence of damage to the same.

17. As a result of Defendant's deficient investigation of the Claim, Defendant wrongfully valued the same, and on March 4, 2026, returned an estimate representing a net claim of $51,695.58, after deducting recoverable depreciation of $8,326.78 and non-recoverable depreciation and deductibles of $67,580.92, from a replacement cost of $127,603.28 – far less than what was necessary to replace the damage to Plaintiff's Property, which is currently calculated at a replacement cost value of $279,221.64.

18. Plaintiff disputes this determination that amounts to a denial of the Claim.

15. In denying the Claim, Defendant utilized technical, limiting and restrictive definitions that were not communicated to Plaintiff at any point prior to the submission of its Claim when investigating, adjusting and making determinations concerning Plaintiff's Claim.

16. Plaintiff disputes Defendant's determination of the benefits owed to Plaintiff under the Contract for its Claim, and further disputes Defendant's unilateral misinterpretation and misapplication of the Contract to the facts of its Claim in a manner that is inconsistent with Oklahoma law.

3

-Dated 2026-06-30 11.04.54

## CLAIM:
## BREACH OF CONTRACT

17.    Plaintiff adopts and incorporates Paragraph Nos. 1 through 16 by reference as though set forth at length herein, and for its cause of action against Defendant, alleges as follows:

18.    Plaintiff asserts and alleges that: (a) Defendant breached the Contract from the outset of its investigation of the Claim by failing and refusing to provide the coverage the Contract guarantees, on its face and pursuant to Oklahoma law; (b) prior to filing this lawsuit, Plaintiff met its burden of demonstrating the covered loss to its Property is covered under the Contract; (c) prior to the filing of this lawsuit, Defendant failed to meet its burden of demonstrating any of the covered loss to Plaintiff's Property is excluded from coverage; and (d) Defendant has breached the Contract by failing to pay Plaintiff all benefits owed to it under the Contract necessitated by the covered loss to Plaintiff's Property.

19.    Plaintiff asserts and alleges that Defendant, as a result of its breach of the Contract, has waived its right to enforce any provision of the Contract that imposes any duties or obligations on Plaintiff as a precedent for its recovery of benefits under the Contract.

20.    Plaintiff asserts and alleges that Defendant has waived its right to rely on any provision of the Contract as a basis for its Claim determination that it did not communicate to Plaintiff in writing prior to the date on which Plaintiff filed suit

## DEMAND FOR RELIEF

21.    Plaintiff asserts and alleges that due to Defendant's breach of the Contract, it is entitled to recover from Defendant the amount of money that is needed to put it in as good a position as it would have been in had Defendant not breached the Contract, and that Defendant is responsible for compensating Plaintiff for all reasonably foreseeable detriment proximately caused by Defendant's breach of the Contract.

Dated 2026-06-30 11.04.55

22.     Plaintiff asserts and alleges Defendant has breached the Contract by failing to pay it the amounts needed to repair/replace the covered loss to its Property presently in an amount of $279,221.64, but in a final amount to be proven at the trial of this matter.

23.     Plaintiff asserts and alleges its right to update the calculation of contractual damages closer in time to the trial of this matter to reflect any changes in pricing and asserts and alleges that it is entitled to recover the costs of any such changes as consequential damages incurred due to Defendants' conduct.

24.     Plaintiff asserts and alleges that in addition to the damages listed above, it is entitled to recover consequential damages.

25.     Plaintiff asserts and alleges that in addition to the damages listed above, it is entitled to recover interest, attorney fees, and costs as permitted and/or mandated by Oklahoma law.

26.     The amount of damages sought to be recovered by Plaintiff is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

Dated:  May 20, 2026

Respectfully submitted,

RED DIRT LEGAL, PLLC

Dawn Greeres, OBA No. 21923
Jeremy B. Melton, OBA No. 22650
10334 Greenbriar Parkway
Oklahoma City, OK 73159
Telephone: (405) 527-8001
Facsimile: (405) 527-1539
dawn@reddirtlegal.com
jeremy@reddirtlegal.com

***COUNSEL FOR PLAINTIFF***